NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANDRE DAVIS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Civil Action No. 17-9424 (SRC)

**OPINION**

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Andre Davis ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance and supplemental security income benefits, alleging disability beginning November 13, 2013. A hearing was held before ALJ Theresa Merrill (the "ALJ") on May 10, 2016, and the ALJ issued an unfavorable decision on June 21, 2016. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of June 21, 2016, the ALJ found that, at step three, Plaintiff did not meet

or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of his past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the Commissioner erred at step three, because Plaintiff's combination of impairments is equivalent to Listing 1.04A; 2) the ALJ made several errors in the residual functional capacity determination at step four; and 3) the hypothetical presented to the vocational expert at step five did not include all limitations, and the vocational expert presented false testimony.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of

2

a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Plaintiff first argues that the Commissioner erred at step three, and that Plaintiff's combination of impairments is equivalent to Listing 1.04A. At step three, the ALJ stated:

> In evaluating the claimant's physical impairments, the undersigned has considered medical listings 1.04. However, the medical evidence does not adequately establish the motor loss and sensory or reflex loss required by listing 1.04. Thus, the medical evidence or record does not show conditions of the nature, severity or duration contemplated by listings 1.04.

(Tr. 19.) Plaintiff argues: "But the medical evidence undoubtedly, plainly, forthrightly and unmistakably documents sensory loss and motor loss from both treating sources and the Commissioner's own consulting examiner." (Pl.'s Br. 23.) The problem for Plaintiff is that the brief fails to support this claim with evidence of record. Plaintiff claims that the medical evidence unmistakably documents sensory loss and motor loss, but the brief does not point to specific evidence, with page numbers, that would permit this Court to evaluate Plaintiff's argument. What follows, instead, is a long list of medical findings without any citation to the record, nor even any references to the medical professionals who are presumably the sources for the findings. The Court cannot speculate as to whether the record contains the evidence on
3

which Plaintiff relies. On this matter, it heeds the guidance of the Third Circuit, which has stated:

> It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in the record." And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments.

United States v. Claxton, 766 F.3d 280, 307, 61 V.I. 715 (3d Cir. 2014) (citations omitted). Plaintiff has failed to follow the Third Circuit's clear instructions. This Court finds no basis to conclude that the Commissioner erred at step three.

As to Plaintiff's second argument, Plaintiff asserts a few errors that he believes the ALJ made in making the residual functional capacity determination, but, again, does not develop any of them. Plaintiff begins with seven pages of boilerplate background on the relevant law. (Pl.'s Br. 25-33.) Next, Plaintiff's brief has one paragraph listing single-sentence assertions of the errors the ALJ made. This appears to be an introductory paragraph, summarizing the points to be developed and supported, but no discussion follows. Had Plaintiff developed any of these points, this Court might have something to work with, but he did not. For example, Plaintiff states:

> Findings and opinions of treating physicians and clinical examinations are minimized or rejected as vague or incomplete or emanating from unacceptable sources or in compatible with the record as a whole or conclusory or lacking function by function assessments or rendered in an insurance context.

(Pl.'s Br. 33-34.) This is fine as an introductory summary of an argument, but it needs to be supported, and Plaintiff does not explain it or support it. Which treating physicians? Which opinions? Where does the ALJ reject or minimize them? The Claxton quote above applies here as well. Plaintiff has failed to explain and support his points challenging the residual functional

capacity determination.

As to step five, again, Plaintiff argues generally that the hypothetical failed to include all of Plaintiff's credibly established limitations, without specifying which limitations were omitted. Plaintiff then argues that the vocational expert offered false testimony, because it is not consistent with the Dictionary of Occupational Titles, as the expert stated. The basis for this charge appears to be that Plaintiff has unique characteristics that the Dictionary of Occupational Titles does not contemplate. This argument fails on two grounds. First, this argument asks this Court to reweigh the evidence. The Third Circuit has held:

> A federal court's substantial-evidence review is "quite limited." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision de novo.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016). Similarly, in the instant case, Plaintiff asks this Court to review the step five determination *de novo* and to reweigh the evidence, which it may not do. This Court is authorized only to review the decision under the substantial evidence standard. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") The vocational expert's testimony constitutes substantial evidence, and the Commissioner's factual findings at step five – that, in short, jobs that Plaintiff can do exist in significant numbers in the national economy – are conclusive.

Second, as to the asserted falseness of the vocational expert's testimony, Plaintiff here makes an argument on appeal that should have been directed to the finder of fact in the first instance. The Third Circuit has stated:

> We have frequently noted the well-established rule that absent compelling circumstances an appellate court will not consider issues that are raised for the first time on appeal. This general rule applies with added force where the timely raising of the issue would have permitted the parties to develop a factual record, because we cannot know on appeal what evidence the adverse party would have presented or brought out through cross-examination.

Shell Petroleum v. United States, 182 F.3d 212, 219 (3d Cir. 1999) (citation omitted). Had Plaintiff raised this challenge below, the parties could have developed the record with regard to the issue of the relationship between the expert's testimony and the Dictionary of Occupational Titles. This appears to be a new issue raised on appeal and, under Third Circuit law, it will not be considered.

Plaintiff has failed to persuade this Court that the ALJ erred in her decision, or that he was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.

Dated: February 5, 2019